UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | | |
|---|---|---|
| ROY DAWES, | ) | |
|     Plaintiff | ) | CIVIL ACTION NO. 7:11-144 |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| G.L. MEZZETTA, INC., | ) | |
|     Defendant | ) | |

This matter is before the Court on the Plaintiff's Motion to Remand [DE 4]. For the following reasons, the Court will deny the motion.

The Plaintiff originally filed this action in Magoffin Circuit Court alleging that he bought and consumed a portion of a food product produced by the Defendant called Mezzetta Italian Mix Giardiniera. The Plaintiff alleges that, after consuming the product, he suffered severe and permanent injuries because, unbeknownst to him, several pieces of clear broken glass were located in the glass jar container. He asserts a negligence claim against the Defendant and seeks compensatory damages, including damages for pain and suffering and lost wages, and punitive damages.

In his Complaint, the Plaintiff alleged that he seeks damages of less than $75,000. However, while the action was still pending in state court, the Defendant served the Plaintiff Requests for Admissions asking the Plaintiff to admit that he would seek damages in excess of $75,000 at the trial of this matter. The Plaintiff never responded to the Request for Admissions and, thus, the request was deemed admitted under Kentucky and federal law. See Ky. R. Civ. P. 36.01(2); Fed. R. Civ. P. 36(a)(3).

The Defendant then removed the matter to this Court asserting that the amount in controversy exceeds $75,000 as required for federal diversity jurisdiction under 28 U.S.C. § 1332. There is no dispute that the parties are citizens of different states.

The Plaintiff moves to remand stating that he stipulates that his request for damages is less than $75,000. The Defendant states that it will not oppose the motion to remand on two conditions. First, the Plaintiff must agree that he will not, at any time, amend his pleading or otherwise make a demand in state court for damages exceeding $75,000. Second, this Court must order that the Defendant can again remove the matter from state court if the Plaintiff ever seeks damages exceeding $75,000 in the state court action. There is no evidence in the record that the Plaintiff has agreed to the Defendant's first condition.

The defendant removing a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Id.* at 453. In *Gafford v. General Electric Company*, 997 F.2d 150 (6th Cir. 1993), the Court held the burden is on the party seeking removal to show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement. *Id*. at 158; Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000).

The Defendant has met this burden. Under Kentucky and federal law, the Plaintiff is deemed to have admitted that the amount in controversy exceeds $75,000. While the Plaintiff's lawyer asserts that the Plaintiff stipulates that "his request for damages is less

than the total amount of $75,000," the Plaintiff does not stipulate that he will never seek or accept damages greater than $75,000 in the state court action.

Accordingly, the Court hereby ORDERS that the Plaintiff's Motion to Remand [DE 4] is DENIED.

Dated this 14th day of November, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

3